UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

BRIAN WHITAKER,

    Plaintiff,

v.

LAY & THONG, LLC,

    Defendant.

Case No. 21-cv-07701-RS

**ORDER DENYING MOTION RE SETTLEMENT ENFORCEMENT**

Plaintiff Brian Whitaker brought this action under the Americans with Disabilities Act and state law alleging that he encountered unlawful barriers when he visited a restaurant owned and operated by defendant. Whitaker alleges he intended to avail himself of defendant's goods or services, motivated in part to determine if defendant complies with the disability access laws. Soon after the complaint was filed, the parties entered into a written, signed, settlement agreement calling for defendant to provide proof of correction as to certain barriers, and to pay the sum of $11,000.

Defendant has apparently stopped communicating with Whitaker and has not performed under the settlement agreement. Whitaker filed a motion docketed as a "Motion for Relief from Dismissal." The brief is captioned as supporting "Plaintiff's Motion to Enforce Settlement." The relief requested in the body of the brief is entry of a judgment embodying the terms of the settlement. Pursuant to Civil Local Rule 7-1(b), the motion is suitable for disposition without oral argument, and the hearing set for May 26, 2022, is vacated.

To the extent Whitaker seeks "Relief from Dismissal," his motion is denied as

unnecessary, because no dismissal has ever been entered in this action and even the standby order to show cause why the matter should not be dismissed has been discharged. To the extent Whitaker seeks to "enforce" the settlement through entry of a judgment embodying the settlement terms, his motion must also be denied. Whitaker invokes California Code of Civil Procedure § 664.6 for the proposition that the court may summarily enter judgment on the terms of a settlement agreement, but has failed to show that state court procedural device applies in federal court, where he has elected to bring suit, and where no claim for breach of settlement agreement has been pleaded.

Whitaker is not without all remedy. The parties are hereby ordered to resume the case management schedule that appears at docket 6.  If no joint site inspection was previously held, it should be completed within thirty days of the date of this order, with all other deadlines to be calculated from that date. In the event the joint inspection was previously held, Whitaker shall file the Notice of Need for Mediation and Certification of Counsel within 15 days of the date of this order, if the case is not otherwise resolved. In the event defendant fails to participate in the process, Whitaker will be able to seek entry of default and a default judgment at the appropriate juncture. Alternatively, Whitaker may file a new action, in state court, for breach of contract as to the settlement agreement, and dismiss this case.

Dated: May 23, 2022

_____
RICHARD SEEBORG
Chief United States District Judge